IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO NAVARRETE VARGAS,

    Petitioner,

v.

                                        No. 1:26-cv-01940-KG-GJF

MARKWAYNE MULLIN, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Francisco Navarrete Vargas's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 8. Because Petitioner presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

## I.    *Background*

Petitioner, a native and citizen of Mexico, has resided in the United States for over thirty years. Doc. 1 at 9–10. He has three minor U.S.-citizen children, including two daughters who struggle with physical and mental health issues. *Id.* Prior to his detention, he worked in construction in Florida as the sole provider for his family. *Id.* He has no criminal history. *Id.*

Petitioner has been in immigration detention since August 7, 2025. *Id.* at 4. He is now detained at the Cibola County Correctional Center in New Mexico. *Id.* at 1. An immigration judge has ordered him removed, but he has appealed that decision to the Board of Immigration Appeals. *Id.* at 5.

Petitioner now challenges his detention on several grounds. He claims that the Government has violated his Fourth Amendment right to be free from unlawful seizure, and

1

procedural due process rights under the Fifth Amendment and the Immigration and Nationality Act ("INA"). *See id.* at 6–7. The Government opposes the petition. *See* Doc. 9.

## II. Legal Standard

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Santillan Quiroz v. Mullin*, 2026 WL 1876709, at *7 (10th Cir.). First, 8 U.S.C. § 1225 governs noncitizens who are "seeking admission into the country." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). "[A] noncitizen is 'seeking admission' when he takes some kind of ongoing action to request lawful entry into the United States." *Santillan Quiroz*, 2026 WL 1876709, at *6. "The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.* at *7. Absent exceptions irrelevant here, § 1225 mandates detention and affords no bond hearing. *Id.* (citing 8 U.S.C. §§ 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), (b)(2)(A)).

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings*, 583 U.S. at 303; *see also Santillan Quiroz*, 2026 WL 1876709, at *7 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a).") (citing exceptions not relevant here). Section 1226(a) authorizes the arrest and detention of noncitizens "on a warrant issued by the Attorney General...pending a decision on whether [they are] to be removed." Under federal

regulations, a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583 U.S. at 306.

### III.    Analysis

Section 1226(a) governs Petitioner's detention.  He has resided in the United States for over thirty years, and DHS did not arrest him at the border.  Moreover, while an immigration judge has ordered him removed, he has appealed that decision, and therefore it is not yet final. Because he "entered the United States and [was] thereafter detained in the interior," he falls within the class of noncitizens "subject to § 1226(a)." *Santillan Quiroz*, 2026 WL 1876709, at *6.  Petitioner's detention is therefore governed by § 1226(a), and his detention absent a bond hearing violates the INA.

The Court next turns to the appropriate remedy.  Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief.  *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original).  Given the Government's conduct here, release is warranted.  *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same).

### IV.    Conclusion

For the reasons above, the Court orders that:

3

1.  The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2.  Should the Government seek to redetain Petitioner under § 1226(a), it must provide an individualized bond hearing before a neutral immigration judge.

3.  Because the Court grants Petitioner full relief on statutory grounds, it does not reach his Fourth or Fifth Amendment claims.  Those claims are dismissed as moot.

4.  The Government shall file a status report within 10 business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.